UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-7393 DSF (SHx) | Date | 11/25/14 |
|---|---|---|---|
| Title | Tanya Tarver v. Ocwen Loan Servicing, LLC., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motions to Dismiss (Docket Nos. 29, 34, 42)

  Defendant Direct Mortgage, Corp. filed a motion to dismiss Plaintiff's First Amended Complaint (FAC) on November 11, 2014 with a hearing date of December 1, 2014. Plaintiff's opposition was due November 10, 2014. Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and Western Progressive, LLC (Ocwen Defendants) filed a motion to dismiss the FAC on November 6, 2014 with a hearing date of December 8, 2014. Plaintiff's opposition was due November 17, 2014. Defendant Bank of America, N.A. filed a motion to dismiss the FAC on November 12, 2014 with a hearing date of December 15, 2014. Plaintiff's opposition was due November 24, 2014. Plaintiff has not filed an opposition to any of the motions.

  The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearings set for December 1, December 8, and December 15 are removed from the Court's calendar.

  The Court deems the lack of opposition to be consent to the motions. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994). The motions to dismiss are GRANTED.

  It appears to the Court that Plaintiff's counsel failed to comply with this District's requirements that he meet and confer in good faith with counsel as to the Ocwen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Defendants' motion and Bank of America's motion.  Local Rule 7-3 and this Court's Standing Order (see ¶ 7)  require that counsel participate in such conferences.  The Court also notes that the failure to file a written statement that the motions would not be opposed violates Local Rule 7-9 and this Court's Standing Order (see ¶ 7).  Future failures to comply with the Local Rules or this Court's Standing Order will result in sanctions.

    IT IS SO ORDERED.